IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA GAYDOS,

          Plaintiff,

    v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

          Defendant.

Case No. 2:26-cv-00370-MRH

**DEFENDANT PRUDENTIAL'S ANSWER AND AFFIRMATIVE
AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS**

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Prudential" or "Defendant"), by and through its attorneys, hereby submits its Answer and

Affirmative and Additional Defenses to Plaintiff REBECCA GAYDOS' ("Plaintiff") Complaint,

and Counterclaims, and states as follows:

**JURISDICTION AND VENUE**

**COMPLAINT ¶1:**

    This action is brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C.
§§1132(a), (e)(1) and (f).

**ANSWER:**

    Prudential admits that Plaintiff purports to bring this lawsuit pursuant to the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.

Prudential denies the remaining allegations in Complaint Paragraph No. 1, and specifically

denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶2:**

    This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C.
§1331 and 28 U.S.C. §1367(a).

324642806v.5

**ANSWER:**

For purposes of this litigation only, Prudential admits that this Court has jurisdiction over the subject matter of Plaintiff's claim. Prudential denies the remaining allegations in Complaint Paragraph No. 2.

**COMPLAINT ¶3:**

Additionally, under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

**ANSWER:**

For purposes of this litigation only, Prudential admits that this Court has jurisdiction over the subject matter of Plaintiff's claim. Prudential denies the remaining allegations in Complaint Paragraph No. 3.

**COMPLAINT ¶4:**

Venue is properly laid in this District pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this District, became disabled in this District, was issued the subject insurance policy in this District, and the Defendant is subject to jurisdiction in this District.

**ANSWER:**

For purposes of this litigation only, Prudential admits that venue in the Western District of Pennsylvania is proper. Prudential denies the remaining allegations in Complaint Paragraph No. 4 including, but not limited to, any assertion that it violated ERISA or is otherwise liable to Plaintiff.

<u>**PARTIES**</u>

**COMPLAINT ¶5:**

Plaintiff Rebecca Gaydos is an adult individual residing at 44 A Street, Beaver, PA 15009.

324642806v.5

**ANSWER:**

Upon information and belief, Prudential admits the allegations in Complaint Paragraph

No. 5.

**COMPLAINT ¶6:**

Defendant Prudential Insurance Company of America maintains a principal place of business at 715 Broad Street, Newark, New Jersey 07102.

**ANSWER:**

Prudential admits the allegations in Complaint Paragraph No. 6.

## STATEMENT OF FACTS

**COMPLAINT ¶7:**

At all times material hereto, Plaintiff Rebecca Gaydos held a Long-Term Disability Policy through her employer, Walgreens.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff

means by "all times material hereto." Prudential admits that Plaintiff was, at certain times, a

participant in an employee welfare benefit plan, the AllianceRx Walgreens Pharmacy Health and

Welfare Plan (the "Plan"), sponsored by Walgreens Specialty Pharmacy Holdings, LLC

("AllianceRx"), which provided long-disability ("LTD") benefits for certain eligible employees

of AllianceRx. Prudential denies the remaining allegations in Complaint Paragraph No. 7.

**COMPLAINT ¶8:**

At all times material hereto, the Policy was underwritten and administered by The Prudential Insurance Company of America ("Prudential").

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff

believes to be "all times material hereto." Prudential admits that it entered into Group Contract

G-52825-FL with AllianceRx to insure certain LTD benefits under the Plan and that it provides

- 3 -

324642806v.5

certain administrative services related to LTD claims under the Plan. Prudential denies the

remaining allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

Rebecca Gaydos, who was employed by Walgreens as a Patient Care Advocate, went out of work on April 16, 2022, after suffering an injury to her right arm following a blood draw.

**ANSWER:**

Prudential admits that, at certain times, Plaintiff was employed by AllianceRx as a

Patient Care Advocate. Prudential admits that Plaintiff stopped working for AllianceRx on April

16, 2022. Prudential denies the remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

In addition to cervical radiculopathy and Complex Regional Pain Syndrome as a result of the blood draw injury, Ms. Gaydos suffers from degenerative disc disease, spinal canal stenosis, subarticular recess stenosis, and cervical scoliosis.

**ANSWER:**

Prudential admits that Plaintiff alleges she has cervical radiculopathy, complex regional

pain syndrome low back degenerative disc disease, spinal canal stenosis, subarticular recess

stenosis and cervical scoliosis. Prudential denies the remaining allegations in Complaint

Paragraph No. 10.

**COMPLAINT ¶11:**

As a result of her medical conditions, Ms. Gaydos suffered and continues to suffer from chronic and severe pain, weakness, and numbness in her right arm and right leg, reduced grip strength and motor dysfunction, which have necessitated ongoing and extensive medical treatment.

**ANSWER:**

Prudential admits that Plaintiff has certain medical conditions and that, at certain times,

she has received medical treatment for her medical conditions. The remaining allegations in

Complaint Paragraph No. 11 purport to recite the contents of Plaintiff's medical records, which

324642806v.5

- 5 -

are comprised of written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations mischaracterize or are inconsistent with the plan, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

Pursuant to the terms of the Policy, a claimant was eligible for Long-Term Disability benefits if the claimant's disability rendered them unable to perform the material and substantial duties of their regular occupation.

**ANSWER:**

The allegations in Complaint Paragraph No. 12 purport to recite the contents of the Plan, which is comprised of written documents that speak for themselves and are the best evidence of their contents. To the extent these allegations mischaracterize or are inconsistent with the Plan, they are denied.

**COMPLAINT ¶13:**

After going off work, Ms. Gaydos filed an initial claim for Long-Term Disability benefits under the Policy and was approved to receive benefits from October 16, 2022, through September 7, 2023.

**ANSWER:**

Prudential admits that Plaintiff stopped working for AllianceRx on April 16, 2022 and submitted a claim for LTD benefits under the Plan. Prudential further admits that it approved Plaintiff's claim for LTD benefits, by letter dated December 7, 2022, and that it paid Plaintiff LTD benefits from October 16, 2022 through October 15, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

On September 8, 2023, Prudential terminated Ms. Gaydos' Long-Term Disability benefits, as Prudential felt that Ms. Gaydos was able to perform the material and substantial duties of her regular occupation as a Patient Care Advocate, despite not having made any meaningful progress in the treatment of her medical conditions.

324642806v.5

**ANSWER:**

Prudential admits that, by letter dated September 7, 2023, Prudential terminated

Plaintiff's LTD benefits, effective September 8, 2023. The remaining allegations in Complaint

Paragraph No. 14 purport to recite the contents of Prudential's September 7, 2023 letter, which is

a written document that speaks for itself and is the best evidence of its contents. To the extent

these allegations mischaracterize or are inconsistent with this document, they are denied.

Prudential denies any remaining allegations in Complaint Paragraph No. 14.

**COMPLAINT ¶15:**

After submitting multiple appeals of Prudential's denial of her Long-Term disability
benefits, Ms. Gaydos' benefits from September 8, 2023, through October 15, 2024, were
ultimately reinstated.

**ANSWER:**

Prudential admits that Plaintiff submitted appeals, by letters dated September 25, 2023

and July 29, 2024, of Prudential's decision to terminate her LTD benefits, effective September 8,

2023. Prudential admits that, by letter dated November 11, 2024, it overturned its decision and

reinstated Plaintiff's LTD benefits for a closed period, from September 8, 2023 through October

15, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

However, pursuant to the terms of the Policy, after 24 months of Long-Term Disability
benefit payments, a claimant would remain eligible for continued Long-Term Disability benefits
if the claimant's disability rendered them unable to perform the duties of any gainful occupation
for which they are reasonably fitted by education, training, or experience.

**ANSWER:**

The allegations in Complaint Paragraph No. 16 purport to recite the contents of the Plan,

which is comprised of written documents that speak for themselves and are the best evidence of

- 6 -

324642806v.5

their contents. To the extent these allegations mischaracterize or are inconsistent with the plan, they are denied.

## COMPLAINT ¶17:

Prudential erroneously determined that Ms. Gaydos was not "Disabled" under the new Policy definition, despite agreeing with Ms. Gaydos' treating providers that the use of her right arm was "significantly limited."

## ANSWER:

Prudential denies the allegations in Complaint Paragraph No. 17.

## COMPLAINT ¶18:

As such, on November 11, 2024, Prudential denied Ms. Gaydos' claim for continued Long-Term Disability benefits beyond October 16, 2024.

## ANSWER:

Prudential admits that, by letter dated November 11, 2024, it overturned its decision and reinstated Plaintiff's LTD benefits for a closed period, September 8, 2023 through October 15, 2024, and that LTD benefits were terminated effective October 16, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 18.

## COMPLAINT ¶19:

Ms. Gaydos timely appealed Prudential's initial adverse claim decision and submitted supplemental records and reports supporting her disability to Prudential for review.

## ANSWER:

Prudential admits that Plaintiff timely appealed Prudential's decision to terminate her claim for LTD benefits under the Plan and that she submitted additional documents in connection with her appeal. Prudential denies the remaining allegations in Complaint Paragraph No. 19.

## COMPLAINT ¶20:

On August 11, 2025, Prudential sent Ms. Gaydos a letter advising her that it was upholding its initial claim decision to deny her continued Long-Term Disability benefits.

324642806v.5

- 8 -

**ANSWER:**

Prudential admits that, by letter dated August 11, 2025, it upheld its decision to terminate

Plaintiff's LTD benefits under the Plan. Prudential denies the remaining allegations in Complaint

Paragraph No. 20.

**COMPLAINT ¶21:**

At this time, Rebecca Gaydos has exhausted all of her administrative appeal remedies with Prudential and now timely brings this action forward as of right pursuant to § 502(a) of the Employee Retirement Income Security Act of 1974.

**ANSWER:**

Prudential admits Plaintiff exhausted her administrative remedies for her claim for LTD

benefits under the Plan (claim no. 13123687). Prudential further admits that Plaintiff purports to

bring a lawsuit under ERISA § 502(a). Prudential denies the remaining allegations in Complaint

Paragraph No. 21, and specifically denies that Prudential violated ERISA or that Plaintiff is

entitled to any relief in this action.

**COUNT I**

**Employee Retirement Income Security Act of 1974 – 29 USC 1132(a)(1)(B)**

**COMPLAINT ¶22:**

Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

**ANSWER:**

Prudential incorporates herein by reference its responses to paragraphs 1 through 21 as

though fully set herein.

**COMPLAINT ¶23:**

Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Policy and ERISA 29 U.S.C. § 1001, *et seq.*

324642806v.5

**ANSWER:**

Prudential admits that Plaintiff exhausted her administrative remedies with respect to

Plaintiff's current claim for LTD benefits (claim no. 13123687) under the Plan. Prudential denies

the remaining allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

The Plaintiff is entitled to payment of Long-Term Disability benefits from the Defendant based upon her physical disability as described above.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 24.

**COMPLAINT ¶25:**

Plaintiff has established that she is "Disabled", as that term is defined in the Policy, and is therefore entitled to payment of Long-Term Disability benefits as her medical conditions prohibit her from performing the material duties of any gainful occupation.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 25.

**COMPLAINT ¶26:**

Defendant's denial of Plaintiff's claim for Long-Term Disability benefits constituted a bad-faith denial of benefits governed by ERISA, as such denial was made without conducting a full and fair review of Rebecca Gaydos' claim and by ignoring pertinent medical evidence that supported Rebecca Gaydos's Disability.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 26.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court award Plaintiff all relief to which Plaintiff is entitled under ERISA 29 USC 1132(a), plus costs of suit, pre- and post-judgment interest, reasonable attorneys' fees and costs, and any other relief as may be just and reasonable.

324642806v.5

**ANSWER:**

The above allegation constitutes Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Prudential denies that Plaintiff is entitled to any judgment or relief whatsoever.

<strong>AFFIRMATIVE AND ADDITIONAL DEFENSES</strong>

Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following affirmative and additional defenses:

1.      Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

2.      The decision to deny Plaintiff's claim for benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard and should be affirmed under that standard because it was neither arbitrary nor capricious.

3.      The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim.

4.      Any benefits due to Plaintiff are subject to offset, integration, or other deduction or adjustments in accordance with applicable Plan terms.

5.      Plaintiff may not recover benefits for a future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6.      Plaintiff seeks remedies that are not provided under the applicable Plan terms or law.

Defendant reserves its right to amend its answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Defendant The Prudential Insurance Company of America respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and

324642806v.5

enter judgment on Defendant's behalf, and award Defendant any such other relief as the Court deems just and proper.

## FOR COUNTERCLAIMS

Counter-Plaintiff, The Prudential Insurance Company of America ("Prudential"), hereby sues Counter-Defendant, Rebecca Gaydos ("Gaydos"), and for its Counterclaims against Gaydos states:

## JURISDICTION

1.      This action arises under the provisions of the Employee Retirement Income Security Act of 1974 ('ERISA"), 29 U.S.C. § 1001, *et seq*., as this matter arises from an ERISA-regulated employee welfare benefit plan. This matter thus raises a federal question, and this Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2.      In addition, the first and second counterclaims arise from the same transactions at issue in Gaydos' Complaint in this action. These counterclaims involve the same parties, the same claim for LTD benefits, and the same plan at issue in Gaydos' lawsuit. The Court thus has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

3.      The third counterclaim, for breach of contract, which is pleaded in the alternative, does not seek relief under ERISA. However, this counterclaim arises from the same transactions at issue in Gaydos' Complaint in this action. This counterclaim involves the same parties, the same claim for LTD benefits, and the same plan at issue in Gaydos' lawsuit. The Court thus has jurisdiction over the breach of contract counterclaim pursuant to 28 U.S.C. § 1367.

4.      There are no novel or complex issues of state law.

324642806v.5

5.    These counterclaims exist in conjunction with Gaydos' claims, so they do not predominate over Gaydos' claims.

6.    The Court has not dismissed any claims over which it has original jurisdiction.

7.    There are no other compelling reasons for the Court to decline exercising jurisdiction over these counterclaims.

## VENUE

8.    Venue is proper in the Western District of Pennsylvania because by suing in this district on her Complaint, Gaydos has consented to jurisdiction in the Western District of Pennsylvania and thus may be found in this District for purposes of ERISA's venue provision, 29 U.S.C. § 1132(e)(2).

## FACTS

9.    Gaydos was a participant in an employee welfare benefit plan, the AllianceRx Walgreens Pharmacy Health and Welfare Plan, sponsored by her former employer, Walgreens Specialty Pharmacy Holdings, LLC (the "Plan"). The Plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA.

10.    Gaydos received long term disability ("LTD") benefits under the Plan from October 16, 2022 to October 15, 2024.

11.    The LTD benefits under the Plan are paid pursuant to a group LTD policy issued by Prudential to Walgreens Specialty Pharmacy Holdings, LLC.

12.    Prudential serves as the claims administrator for certain LTD claims under the Plan and is responsible for determining whether Gaydos' claim for LTD benefits should be paid. Prudential is thus a fiduciary to the Plan for that purpose within the meaning of Section 3(21) of ERISA and is the proper party in interest to bring this counterclaim.

324642806v.5

13.     The Plan provides that the monthly LTD benefit payable to a claimant adjudged to be disabled under the Plan is reduced by any "Deductible Sources of Income." "Deductible Sources of Income" are defined to include, without limitation: "3. The gross amount that you, your spouse and children receive or are entitled to receive as loss of time disability payments because of your disability under: (a) the United States Social Security Act …."

14.     Gaydos also executed a reimbursement agreement with Prudential, dated June 24, 2023. The reimbursement agreement provides, in relevant part, that:

> **With respect to Social Security benefits:** I understand that benefits payable under this Group Plan are to be reduced by any benefits under the Social Security Act that I or members of my family receive or would be entitled to receive as a result of my disability, for that same period.
>
> Should my claim for benefits be approved, I request that Prudential postpone making the reduction of benefits described in the second paragraph of this Agreement until I actually am awarded Social Security benefits or complete the Social Security application process described below.
>
> …
>
> I promise to notify Prudential immediately if I am awarded Social Security benefits…
>
> If any benefits under the Social Security Act are awarded retroactively, I understand and agree that all or a portion of those retroactive Social Security benefits must be immediately repaid to Prudential in accordance with the terms of the Group Plan.
>
> …

15.     In addition to the reimbursement agreement, the Plan documents explicitly provide a right to Prudential to recover any overpayment of benefits that resulted from Gaydos' receipt of other benefits:

> **What Happens If Prudential Overpays Your Claim?**
>
> Prudential has the right to recover any overpayments due to:
>
> - fraud;

- 13 -

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which repayment is to be made.

16.     Gaydos received an award of Social Security Disability Benefits ("SSDB") under the United States Social Security Act. Based upon the Social Security Administration's rules and upon information and belief, Gaydos received SSDB benefits covering the period of October 16, 2022 through October 15, 2024, when Gaydos also received LTD benefits under the Plan.

17.     Gaydos received LTD benefits under the Plan for the period of October 16, 2022 through October 15, 2024 that were not reduced for Gaydos' SSDB payments.

18.     As a result, Gaydos was overpaid $39,497.14 in LTD benefits under the Plan (the "overpayment"). By Prudential's payment of the LTD benefits constituting the overpayment to Gaydos, Prudential conferred a benefit upon Gaydos.

19.     Gaydos has not yet reimbursed the Plan for this overpayment.

20.     Gaydos voluntarily accepted and retained the overpayment, and indeed took affirmative actions, and made affirmative representations, in order to procure the payment of the overpayment.

21.     Prudential calculates the entire amount of the overpayment, $39,497.14, is money belonging in good conscience to Prudential under the terms of the applicable Plan documents and which Gaydos agreed to repay pursuant to the terms of the Plan.

22.     All conditions precedent to the initiation or maintenance of this action have been met or performed.

324642806v.5

## COUNTER-PLAINTIFF'S FIRST CLAIM FOR RELIEF

23.     Counter-Plaintiff Prudential re-alleges paragraphs 1 through 22 as if fully set forth herein.

24.     This is an action by a fiduciary under 29 U.S.C. § 1132(a)(2) to obtain appropriate relief under 29 U.S.C § 1109 for breach of fiduciary duty.

25.     Monies paid to Gaydos in excess of her properly calculated LTD benefit are Plan assets.

26.     The entire outstanding overpayment for the period of October 16, 2022 through October 15, 2024, $39,497.14, constitutes an overpayment that is an asset of the Plan.

27.     To the extent that Gaydos exercised control over Plan assets she was a fiduciary with respect to the Plan.

28.     Gaydos has breached her responsibilities, obligations, and/or duties under ERISA and the Plan by retaining the overpayment, which has resulted in a loss to the Plan.

29.     Gaydos is personally liable to make good to the Plan any losses resulting from such breach, and to restore to the plan any profits Gaydos has made through use of these Plan assets.

30.     Prudential is thus entitled to such other equitable or remedial relief as the court may deem appropriate.

31.     Prudential has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services. Prudential is entitled to an award of its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).

- 15 -

324642806v.5

## **COUNTER-PLAINTIFF'S SECOND CLAIM FOR RELIEF**

32.    Counter-Plaintiff Prudential re-alleges paragraphs 1 through 31 as if fully set forth herein.

33.    In the alternative, this is an action by a fiduciary under 29 U.S.C. § 1132(a)(3) to obtain appropriate equitable relief.

34.    Due to the award of SSDB for the period of October 16, 2022 through October 15, 2024, Gaydos was overpaid $39,497.14 in LTD benefits, which money belongs in good conscience to Prudential under the terms of the Plan and Gaydos has expressly agreed to repay any benefit overpayment.

35.    Upon information and belief, the entire amount of the overpayment is in Gaydos' possession.

36.    Upon information and belief, the entire amount of the overpayment is possessed by Gaydos in a bank account, investment, or other asset.

37.    Under the terms of the Plan, Prudential is entitled to recovery of the overpayment which Gaydos has wrongfully and unjustly retained, and she is not entitled in equity to possess these excess LTD benefits.

38.    Further, by entering into the reimbursement agreement and accepting payment of LTD benefits under the terms of the Plan that were not reduced by any prospective benefits under the Social Security Act, Gaydos subjected monies paid in excess of what was due per the terms of the Plan to a lien by agreement.

39.    Accordingly, this Court should impose a constructive trust over the overpayment unjustly kept and maintained by Gaydos, provide equitable restitution of the overpayment, and

- 16 -

324642806v.5

order any other appropriate relief to cause Gaydos to repay the outstanding overpayment balance to which Prudential is entitled.

40.     Prudential has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services. Prudential is entitled to an award of its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).

## COUNTER-PLAINTIFF'S THIRD CLAIM FOR RELIEF

41.     Counter-Plaintiff Prudential re-alleges paragraphs 1 through 40 as if fully set forth herein.

42.     In the alternative, this is an action for breach of contract against Gaydos.

43.     Gaydos signed a contract (the reimbursement agreement) in which she agreed to repay to Prudential any overpaid benefit as a result of the SSDB award. This was done in consideration for receiving LTD benefits while her SSDB application was pending that had not been reduced for the estimated SSDB award.

44.     Gaydos breached her contract and has failed to repay Prudential the overpaid LTD benefits in the amount of the SSDB award for the period of October 16, 2022 through October 15, 2024, or $39,497.14.

45.     Under the terms of the Plan and the reimbursement agreement, Prudential is entitled to the overpaid benefits.

46.     Accordingly, this Court should find that Gaydos has breached her reimbursement agreement with Prudential and award it damages in the amount of the $39,497.14 overpayment for that breach.

WHEREFORE, Defendant, The Prudential Insurance Company of America, respectfully requests that the Court deny the relief sought by Gaydos, dismiss the action with prejudice and

- 17 -

324642806v.5

enter judgment on Prudential's behalf as to these Counterclaims, award it $39,497.14, the full amount of the overpayment outstanding for the period of October 16, 2022 through October 15, 2024, plus interest and/or any earnings thereon, costs, and attorney's fees, and any other such relief as the Court deems just and proper.

DATED:  June 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Julie M. Kamps*

    Julie M. Kamps, Bar No. 6286872
    jkamps@seyfarth.com
    SEYFARTH SHAW LLP
    233 S. Wacker Drive, Suite 8000
    Chicago, IL 60606-6448
    Telephone: (312) 460-5500
    Facsimile: (312) 460-5300

*Attorneys for Defendant*
*The Prudential Insurance Company of America*

- 18 -

324642806v.5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT

PRUDENTIAL'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S

COMPLAINT to be served upon the following, by the Court's ECF system, on this 4th day of June,

2026:

David A. Martin, Esquire
dmartin@peircelaw.com
ROBERT PEIRCE & ASSOCIATES
437 Grant Street, Suite 1100
Pittsburgh, PA 15219
Telephone: (412) 271-7229

*/s/ Julie M. Kamps*
Julie M. Kamps
*Attorneys for Defendant*
*The Prudential Insurance Company of America*

324642806v.5